Electronically Filed - Taney - March 08, 2022 - 04:54 PM

**IN THE CIRCUIT COURT OF TANEY COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| CYNTHIA WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: |
| v. | ) | |
| | ) | Div: |
| CRACKER BARREL OLD COUNTRY | ) | |
| STORE, INC. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Serve: CT Corporation System | ) | |
| 120 South Central Ave. | ) | |
| Clayton, MO 63105 | ) | |
| | ) | |
| Defendant. | ) | |

**PETITION**

COMES NOW Plaintiff Cynthia Wilson, by and through her undersigned counsel, and states the following for her Petition against Defendant Cracker Barrel Old Country Store, Inc.:

**ALLEGATIONS APPLICABLE TO ALL COUNTS**

1. Plaintiff Cynthia Wilson is a citizen and resident of Taney County, Missouri.

2. Cracker Barrel Old Country Store, Inc., is a Tennessee corporation in good standing and is licensed and registered to do business in the State of Missouri, with its principal place of business located at 305 Hartmann Drive, Lebanon, Tennessee 37087. Defendant's registered agent is CT Corporation System, which can be served at 120 South Central Ave., Clayton, Missouri 63105.

3. Defendant Cracker Barrel owns and operates a store located at 3765 State Highway 76, Branson Missouri 65616 (the "Branson Restaurant"). The Branson Restaurant is the location where the negligence described in this Petition occurred. At

1

all times relevant to this Petition, Defendant Cracker Barrel maintained and controlled the Branson Restaurant.

4.    On or about August 28, 2020, Plaintiff Cynthia Wilson was an invitee to the Branson Restaurant. Ms. Wilson is restricted to a motorized wheelchair. She entered through the front door of the Cracker Barrel. When the door closed behind her, it swung shut and closed on Ms. Wilson's left hand, causing injury.

5.    The door had recently been replaced prior to August 28, 2020, and its closing speed had not been adjusted following its installation.

6.    Venue is proper in this Court pursuant to R.S.Mo. § 508.010.

## COUNT I – NEGLIGENCE

7.    Plaintiff incorporates Paragraph 1 through Paragraph 6 as though fully stated herein.

8.    The unadjusted door to the Branson Restaurant was a dangerous condition of Defendant Cracker Barrel's premises. As a result, Defendant Cracker Barrel's premises were not reasonably safe. Prior to the door closing and injuring her hand, Plaintiff Wilson was not aware of the dangerous condition.

9.    Defendant Cracker Barrel has a duty to keep its entire premises, including the entryway, safe and free from dangerous or hazardous conditions.

10.    Defendant Cracker Barrel, its agents, servants, and employees knew, or by using ordinary care could have known, of the dangerous and hazardous condition of the unadjusted door.

11.    As a direct and proximate result of Defendant Cracker Barrel's negligence, Plaintiff Cynthia Wilson was suffered injuries and was damaged, including injury to her left hand. She has suffered pain in the past, and will continue to do so in the future.

12.     As a direct and proximate result of Defendant Cracker Barrel's negligence, Plaintiff Cynthia Wilson has sustained, and in the future will sustain, damages for medical bills and costs relating to medical treatment for her injuries.

13.     As a result of the negligence of Defendant's agent or employee, Plaintiff has sustained, and will in the future sustain, damages for medical bills and costs relating to treatment for her injuries.

**WHEREFORE** Plaintiff Cynthia Wilson prays for a judgment against Defendant Cracker Barrel for all her damages in an amount determined by the jury greater than the jurisdictional minimum of this court, and for any further just and proper relief.

## COUNT II – *RES IPSA LOQUITUR*

14.     Plaintiff incorporates Paragraph 1 through Paragraph 6 as though fully stated herein.

15.     Defendant Cracker Barrel's unadjusted door was in the sole and exclusive possession and control of Cracker Barrel.

16.     A restaurant door does not ordinarily close with force sufficient to cause injury in the absence of negligence.

17.     At all relevant times, Defendant Cracker Barrel possessed superior knowledge or means of information as to the cause of the occurrence resulting in Plaintiff's injury.

18.     As a direct and proximate result of the Defendant's negligence and carelessness, Plaintiff suffered injuries and was damaged, including injuries to her left hand. Plaintiff has suffered pain in the past and will do so in the future.

19.    As a direct and proximate result of the Defendant's negligence and carelessness, Plaintiff has sustained, and will in the future sustain, damages for medical bills and costs relating to treatment for her injuries.

**WHEREFORE** Plaintiff Cynthia Wilson prays for a judgment against Defendant Cracker Barrel for all her damages in an amount determined by the jury greater than the jurisdictional minimum of this court, and for any further just and proper relief.

## COUNT III – *NEGLIGENCE PER SE*

20.    Plaintiff incorporates Paragraph 1 through Paragraph 6 as though fully stated herein.

21.    Cracker Barrel's failure to adjust the door violates the Americans with Disabilities Act because under ADA standards, a door with a closer must be adjusted "so that from an open position of 70 degrees, the door will take at least 3 seconds to move to a point 3 in (75 mm) from the latch, measured to the leading edge of the door." ADA 2010 Standards § 4.13.10.

22.    Plaintiff Cynthia Wilson is a member of the class of persons intended to be protected by the ADA because she has a substantially limiting physical impairment and must use a motorized wheelchair.

23.    The ADA door adjustment requirement is intended to prevent the kind of injury Plaintiff Cynthia Wilson suffered because it is intended to prevent doors from closing too quickly and causing injury, such as the injury that occurred to Ms. Wilson's hand.

24.    The ADA violation is the direct and proximate cause of Plaintiff's injuries because without Cracker Barrel's failure to adjust its door, it would not have swung shut quickly and injured Ms. Wilson's hand.

4

25.     Cracker Barrel's ADA violation constitutes negligence *per se*.

26.     As a direct and proximate result of Defendant Cracker Barrel's ADA violation, Plaintiff Cynthia Wilson was injured, has suffered pain in the past and will continue to do so in the future.

27.     As a direct and proximate result of Defendant Cracker Barrel's ADA violation, Plaintiff Cynthia Wilson has sustained, and in the future will sustain, damages for medical bills and costs relating to medical treatment for her injuries.

**WHEREFORE** Plaintiff Cynthia Wilson prays for a judgment against Defendant Cracker Barrel for all her damages in an amount determined by the jury greater than the jurisdictional minimum of this court, and for any further just and proper relief.

Respectfully submitted,

**BURGER LAW**

_____
Gary K. Burger, Jr. #43478
500 N. Broadway, Suite 1860
St. Louis, MO 63101
Phone: (314) 542-2222
gary@burgerlaw.com
*Attorney for Plaintiff*

5